# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Morris Perry, Sr.,  Case No. 4:19CV940

        Petitioner,

  v.  **ORDER**

Sheriff Jerry Greene,

        Respondent.

Petitioner Morris Perry, Sr. has filed a *pro se* Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. Nos. 1, 2.) Petitioner is a state pre-trial detainee in the Mahoning County Jail, awaiting trial in Mahoning County on rape charges. *See Ohio v. Perry*, Mahoning Cty. Court of Common Pleas, 18 CR 997. Perry contends he is being illegally confined because he is charged with a crime that "never happened" and that he has challenged subject matter and personal jurisdiction in his state criminal case. (Doc. 1 at 2, 3.) In his petition, he seeks an evidentiary hearing on the jurisdictional challenges he has raised in state court and released from confinement. (*Id.* at 4.)

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). No response to the

petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

I must dismiss the petition.

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). Indeed, "the courts should abstain from the exercise of [federal] jurisdiction if the issues in the petition may be resolved by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties[,]" underlies the general rule of abstention. *Id.*

"There are only two generally recognized claims that have been determined to present a special circumstance justifying pre-conviction intervention by a federal court in a § 2241 habeas corpus proceeding: (1) double jeopardy-based allegations; and (2) denial of the right to a speedy trial." *Martin v. Sheldon*, 2017 WL 1969464 (N.D. Ohio) (Gaughn, C.J.) (internal citations omitted).

Perry's petition does not fall in either category. And the state court is fully -- and best -- suited to entertain his jurisdictional challenge. Accordingly, I must abstain from exercising jurisdiction over his petition.

It is, therefore,

ORDERED THAT

1. Petitioner Perry's petition for a writ of *habeas corpus*(Doc. 1) be, and the same hereby is, denied;

2. This action be, and the same hereby is, dismissed; and

3. I further certify that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3); 28 U.S.C. § 2253(c).

So ordered.

/s/ James G. Carr Sr.
U.S. District Judge